IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDI L. DAWKINS, | ) |
| | ) Civil Action No. 09-1342 |
| Plaintiff, | ) |
| | ) Judge Nora Barry Fischer |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| ARAMARK, WASHINGTON AND | ) Doc. No. 25 |
| JEFFERSON COLLEGE, and UNUM | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss Complaint filed by Defendant Unum Life Insurance Company of America should be GRANTED.

**II.   REPORT**

Plaintiff Brandi L. Dawkins ("Plaintiff") brings this case against Defendants Washington and Jefferson College ("W&J"), Unum Life Insurance Company of American ("Unum"), and Aramark alleging violations of Title VII and the Pennsylvania Human Relations Act ("PHRA") based on sexual discrimination, disability/perceived disability discrimination, and retaliation. Defendant Unum submitted a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Relevant Facts and Procedural History*

In the Complaint, Plaintiff alleges four counts against Defendants: a count of sexual discrimination under Title VII and PHRA; a count of disability and perceived disability

1

discrimination under Title VII and PHRA; a count of retaliation under Title VII and PHRA; and a count of aiding and abetting discrimination and retaliation under Title VII and PHRA.  In the Complaint's common statement of facts, Plaintiff asserts that, through her tenure at W&J, she and her female coworkers were "the subject[s] of a pervasive and severe hostile work environment which manifested itself by sexual innuendo, sexually suggestive remarks and comments, and, [sic] sexual harassment." (Doc. No. 1, ¶ 13.)  Plaintiff also alleges that W&J's refusal to admit Plaintiff's daughter into Washington and Jefferson College on scholarship was an act of retaliation against Plaintiff in response to her submission of several discrimination complaints with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Rights Commission ("PHRC").  (Doc. No. 1, ¶ 23.)

Aramark assumed Plaintiff's position as well as the responsibilities of W&J's custodial work in 2003.  (Doc. No. 1, ¶ 12.)  At this time, Plaintiff alleges that the hostile work environment became "more severe and pervasive in terms of sexual harassment, disparate treatment of female workers," and that such discrimination was directed at Plaintiff and her female colleagues by male supervisors. (Doc. No. 1, ¶ 16.)  Plaintiff also alleges that Aramark then acted in retaliation against Plaintiff after Plaintiff submitted several discrimination complaints to the EEOC and the PHRC.  (Doc. No. 1, ¶ 18.)  The retaliation came in the form of "less desirable and more physically demanding work assignments," *id.*, the denial of "previously enjoyed over-time such that [Plaintiff's] wages were diminished," *id.*, and the infliction of unjustified disciplinary action, Doc. No. 1, ¶ 20.  These acts caused Plaintiff to seek psychiatric counseling and eventually led to a break-down which required in-patient hospitalization.  (Doc. No. 1, ¶ 21.)  Plaintiff also alleges that Aramark wrongfully terminated Plaintiff from her position due to FMLA leave that Plaintiff claims she had not taken at

the time she was fired.[1] (Doc. No. 1, ¶ 22.) Due to the hostile work environment, Plaintiff alleges that she suffered the following issues: mental anguish, depression, and emotional strain; loss of income and benefits; deprivation of ordinary pleasures of life; pain and suffering from the daily exposure to a hostile work environment; loss of sleep, stress, and severe anxiety; and humiliation and embarrassment. (Doc. No. 1, ¶ 27.)

Plaintiff alleges that Unum, the entity responsible for administering Aramark's disability plan, aided and abetted in the retaliation and directly retaliated against Plaintiff by denying or delaying her health and disability benefits, which caused Plaintiff further anxiety, as well as loss of income and benefits. (Doc. No. 1, ¶ 21.)

On December 11, 2009, Unum submitted a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 25.) Unum argues that Counts I, II, and III against Unum should be dismissed because no employment relationship exists between Unum and Plaintiff. *Id.* As such, Unum argues that it cannot be held liable for the alleged discriminatory acts under Title VII and PHRA. *Id.* In addition, Unum requests that Count IV of Plaintiff's Complaint, alleging that Unum aided or abetted Aramark in discriminating against Plaintiff, be dismissed against Unum for failure to establish Unum's participation in the alleged discriminatory acts. *Id.*

### *Standard of Review*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state

---

[1] Plaintiff had taken Sickness and Accident leave at the time she was terminated by Aramark, however. (Doc. No. 1, ¶ 22.)

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007); *Ashcroft v. Iqbal,* 129 S.Ct.1937, 1949 (May 18, 2009) (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 556-57).

The Third Circuit Court of Appeals expounded on this standard in *Fowler v. UPMC Shadyside*, 578 F.3d 303 (3d Cir. 2009), stating that:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555 n.3.

*Fowler*, 578 F.3d at 210; *accord. Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context). "'Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Id.* at 210-11 (quoting *Iqbal,* slip op. at 14). "This plausibility determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.*

*Discussion*

It stands to be noted at the outset of the Court's review of this motion that Plaintiff's Complaint purports to allege claims of age discrimination, sexual harassment and discrimination, retaliation, and disability/perceived disability discrimination.  However, the Complaint does not plead facts to support a claim of disability/perceived disability discrimination Thus, for purposes of analyzing this motion, Plaintiff's remaining claims of sexual discrimination, harassment, and retaliation will be reviewed under Title VII and the PHRA.

**A.     Plaintiff's Employment Discrimination Claims**

Defendant Unum submitted a Motion to Dismiss Counts I, II, and III for failure to demonstrate that an employment relationship existed between Plaintiff and Unum.  Plaintiff brings her discrimination claims under Title VII and PHRA, which limits liability to "employers."  Unum argues that, because no employment relationship existed between Plaintiff and Unum at the time of the discriminatory acts, Plaintiff's claims against Unum must fail.

United States Code Chapter 42, Section 2000e defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."  42 U.S.C. §  2000e(b).  "The term 'employee' means an individual employed by an employer."  42 U.S.C. § 2000e(f).  Thus, Title VII authorizes a cause of action against employers. 42 U.S.C. § 2000e.  Title VII does not, however, extend that authorization to third parties, such as employers' agents, who have not acted in the capacity of the plaintiff's employer.  *Ford v. Unum Life Insurance Company of America*, No. 08-4191, 2009 WL 3720553 (3d Cir. 2009) (limiting Unum's liability for discrimination under Title VII, stating that "because [the defendant] was never

[the plaintiff's] employer, [the plaintiff] cannot establish a discrimination claim against [the defendant] under Title VII"); *see also Walters v. Metropolitan Education Enterprises, Inc.*, 519 U.S. 202, 205 (1997) (stating that a defendant is subject to Title VII only if it meets the statutory definition of "employer").

Similarly, the PHRA limits liability from a discriminatory act to "any employer" who discriminated "because of the . . . sex . . . of any individual or independent contractor, to . . . discriminate against such individual . . . with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract." 43 P.S. § 955(a). Further, the Third Circuit limited the applicability of the PHRA to employers in *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161 (3d Cir. 2002), specifically excluding the agents of employers from liability. *Id.* at 181. Plaintiff's Complaint does not plead facts which demonstrate that Unum employed Plaintiff at any time. Plaintiff's only mention of Unum in her Common Statement of Facts is in Paragraph 21 of the Complaint, which merely states that Unum, as an agent of W&J and Aramark, did not pay Plaintiff in full and denied Plaintiff's "leave pay," "on call pay," or her Sickness and Accident benefits. The Complaint does not present facts sufficient to either invite liability or support a plausible claim for relief on its face against Unum. *See Twombly,* 550 U.S. at 556. Because Plaintiff did not plead facts demonstrating an employment relationship between Plaintiff and Unum, Unum cannot be held liable for the allegations of discrimination under either PHRA or Title VII. The Court must therefore grant Unum's Motion to Dismiss with regard to Counts I, II, and III of Plaintiff's Complaint.

### B.     Plaintiff's Claims that Unum Aided and Abetted Aramark

In Defendant Unum's Motion to Dismiss, Unum also requests that Count IV be dismissed

for failure to establish that Unum aided or abetted Aramark in the alleged discriminatory acts. Unum argues that Plaintiff failed to allege any facts that would support a claim of aiding and abetting Aramark's alleged discriminatory acts.  In addition, Unum argues that Plaintiff failed to plead facts which demonstrate that Unum, from its corporate headquarters in Portland, Maine, aided or abetted Aramark's alleged acts of sexual harassment in Washington County, Pennsylvania.

Under the PHRA, it is unlawful for "any person, employer, employment agency or labor organization or employee to aid, abet, incite, compel or coerce" discriminatory practices.  43 P.S. § 955(a).  The PHRA extends the term "person" to include both individuals and corporations. 43 P.S. § 954(a).  "[T]he tort of aiding and abetting involves three elements: '(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation.'" *Hurley v. Atlantic City Police Department*, 174 F.3d 95, 127 (3d Cir. 1999) (quoting *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C.Cir.1983)); *see also In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation*, 113 F.3d 1484, 1495 (8th Cir.1997); *Metge v. Baehler*, 762 F.2d 621, 624 (8th Cir.1985).  The comments to section 876 of the Restatement provide a list of five factors to consider in determining whether a defendant substantially assisted in the principal violation: "the nature of the act encouraged, the amount of assistance given by the defendant, his presence or absence at the time of the tort, his relation to the other and his state of mind." Restatement (Second) of Torts § 876(b) cmt. b (1979).

Plaintiff's Complaint alleges that Unum denied or delayed payment of her claim for Sickness and Accident benefits.  Beyond that, however, Plaintiff does not allege facts which would allow a

7

court to find a connection between Unum's denial of her claim/delay in benefits payment and Aramark's alleged sexual discrimination. Further, the Plaintiff does not plead facts which indicate that Unum did in fact aid and abet the alleged discriminatory action, that Unum was aware of the discriminatory acts, or that Unum knowingly and substantially assisted in the principal discriminatory acts against Plaintiff. The only factual allegation that Plaintiff pled against Unum is that Unum denied or delayed payment of Plaintiff's claim for Sickness and Accident benefits. The Court cannot infer anything more than the mere possibility of misconduct from Plaintiff's threadbare recital of the elements of the cause of action which is merely supported by conclusory statements. *See Fowler*, 578 F.3d at 210. Thus, Plaintiff's Complaint still lacks facts to support Plaintiff's claim that Unum substantially assisted in the principal violation, namely Aramark's alleged acts of sexual discrimination, by aiding and abetting.

Plaintiff's Complaint does not allege facts sufficient to support a plausible claim for relief on its face with regard to Count IV. *See Twombly,* 550 U.S. at 556. Plaintiff's Complaint also failed to plead facts sufficient to support the claim that Unum knowingly aided or abetted Aramark's alleged discriminatory acts in any capacity. *Hurley*, 174 F.3d at 127. Therefore, the Court must grant Unum's Motion to Dismiss with regard to Count IV of Plaintiff's Complaint.

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendant Unum Life Insurance Company of America's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) should be GRANTED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of

service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


Dated: February 4, 2010                    By the Court:

                                            LISA PUPO LENIHAN
                                            U.S. MAGISTRATE JUDGE

cc:      Counsel of Record