IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDI L. DAWKINS, | ) |
| | ) Civil Action No. 09-1342 |
| Plaintiff, | ) |
| | ) Judge Nora Barry Fischer |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| ARAMARK, WASHINGTON AND | ) Doc. No. 8 |
| JEFFERSON COLLEGE, and UNUM | ) |
| | ) |
| Defendants. | ) |
| | ) |

**SUPPLEMENTAL REPORT AND RECOMMENDATION ON RECONSIDERATION**

**I. RECOMMENDATION**

This Court has found merit to the Objections filed by Defendant Washington and Jefferson College ("Defendant") and recommends, on reconsideration, that its Motion to Dismiss be granted. The Court now concludes that Plaintiff can bring no claim against this Defendant for discrimination or retaliation under Title VII or the PHRA given that Defendant contracted out its custodial work, and thus ceased to be Plaintiff's employer, in January, 2003. Accordingly, it also recommends that Plaintiff's Amended Complaint, filed prematurely and without leave, be stricken as moot.

1

**II. STANDARD OF REVIEW**

As set forth in the initial Report and Recommendation, a complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007); Ashcroft v. Iqbal, 129 S.Ct.1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at 556). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (citing Twombly, 550 U.S. at 556-57).

The Third Circuit Court of Appeals expounded on this standard in Fowler v. UPMC Shadyside, 578 F.3d 303 (3d Cir. 2009), stating that "'[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show [n]' - 'that the pleader is entitled to relief.'" Fowler, 578 F.3d at 210-11 (quoting Iqbal, slip op. at 14). Moreover, "to prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaint are plausible." Fowler, 578 F.3d at 210.

**III.   SUPPLEMENTAL ANALYSIS**

This Court's Report and Recommendation on Defendant's Motion to Dismiss was filed on February 18, 2010, and recommended that the Motion be granted as to Counts I and II, with leave for Plaintiff to amend, and denied as to Count III. Defendant's Objections were timely filed on

March 4, 2010, and the Court has not yet ruled on its Motion. Plaintiff prematurely filed, on March 7, 2010, an Amended Complaint, without leave of Court.

**A. Counts I and II**

Although Plaintiff alleges ongoing and continuous discrimination both during Plaintiff's tenure of employment with Defendant from 2001 to 2003, and during Plaintiff's tenure of employment with Aramark from 2003 forward, this Defendant cannot now be held liable under Plaintiff's Complaint for its conduct while Plaintiff was under its employ. To the contrary, the "continuing violation" doctrine applies to extend an employer's liability back to additional, earlier events of discrimination only when an event of discrimination for which that employer may be held accountable falls within the statutory period. See National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002) (providing that if an act contributing to the discrimination claim occurred within the filing period, the entire period of alleged discrimination may be considered for purposes of determining liability). See also, *e.g.*, Krause v. UPS Supply, 2009 WL 3578601 (D. Mass. Oct. 28, 2009) (explaining that "under the continuing violations doctrine, a plaintiff may recover for discriminatory acts that otherwise would be time-barred, so long as a related act fell within the limitations period") (quoting Tobin v. Liberty Mutual, 553 F.3d 121, 130 (1st Cir. 2009)).

Plaintiff's first EEOC charge against Defendant was made in 2007, several years after her employment by the College had ceased. See Plaintiff's Memorandum in Support of her Opposition to Defendant's Motion to Dismiss at 3 (noting that Plaintiff filed EEOC charges against the

Defendants between 2007 and 2009).[1]  And even if this Court were to consider the additional allegations of  Plaintiff's prematurely-filed Amended Complaint, those new allegations are insufficient to ground a "joint employer" relationship.  See Amended Complaint at 5 (asserting, without elaboration, that "Plaintiff was frequently deployed to work . . . at [the] college president's home" and "required to take instruction from the College president or his wife" while there); id. ("Plaintiff . . . was required to perform services for both Defendants" and "was supervised or managed by [College] management and security staff").  Compare *supra* at Section II (discussing standard on motion to dismiss); NLRB v. Browning-Ferris Indus. of Pa., Inc., 691 F.2d 1117, 1123 (3d Cir. 1982) (describing "joint employer" designation as turning on retention of sufficient control of the terms and conditions of employment); Zamoski v. Hearst Bus. Commum., Inc., 1996 WL 11301, *8 (E.D. Pa. Jan. 11, 1996) ( identifying factors as (1) authority to hire/fire employees, promulgate work rules/assignments, and set conditions of employment including compensation, benefits and hours; (2) day-to-day supervision and discipline of employees; and (3) control of employee records, including payroll, insurance, and taxes); Cimino v. Borough of Dunmore, 2005 U.S. Dist. LEXIS 40049 at *20-24 (M.D.Pa. Dec. 21, 2005)(concluding that a janitor employed by a third-party contractor could not sue defendant under Title VII because defendant did not compensate plaintiff or control the methods or means of her employment).

---

[1] The charges attached to the pleading appear to be unsigned and undated.  Those attached to Defendant's Motion to Dismiss are signed and dated July 29, 2007 and March 24, 2008; these charges identify, by name and address, Defendants Aramark and the College.

As Plaintiff's discrimination claims are time-barred (Amended Complaint or no), Defendant's Motion to Dismiss on these Counts should be granted, and the Amended Complaint stricken as moot.

### B. Count III

Plaintiff also asserts that by letter of February 21, 2008 Defendant rejected the application of Plaintiff's daughter into Washington and Jefferson College, as an act of retaliation against Plaintiff and in response to her discrimination complaints.[2]  Here again, as this Defendant was not Plaintiff's employer (or joint employer) subsequent to January 2003, it cannot now be subject to this claim.  See 42 U.S.C. § 2000(e) *et seq.* (proscribing discrimination and retaliation by employers against employees).[3]

### IV. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendant Washington and Jefferson College's Motion to Dismiss Plaintiff's Complaint pursuant to Federal

---

[2] Plaintiff alleges that her daughter was eligible for financial assistance and admission to the College in accordance with an employee scholarship agreement between Aramark and Defendant.  See Complaint at ¶ 23.

[3] Defendant also asserts that, if it were Plaintiff's employer, this claim should be dismissed because (a) it was unaware of Plaintiff's EEOC charges at the time of its action because it did not receive a copy of Plaintiff's charge until March 7, 2008; and (b) any complaints of discrimination made by Plaintiff to unspecified College management during her employment (*i.e.*, 2001-January, 2003) are too far removed to establish an inference of causation as a matter of law.  The Court concurs only that any alleged complaints made to the College while in its employ are simply too removed to ground a causal link.  See, *e.g.*, Krouse v. American Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997) (holding 19 months between protected activity and adverse action too extended to prove causal link).

Rule of Civil Procedure 12(b)(6) be granted. It is further recommended that Plaintiff's prematurely-filed Amended Complaint be stricken as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Supplemental Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: March 12, 2010                    By the Court:

                                          /s/ Lisa Pupo Lenihan
                                          LISA PUPO LENIHAN
                                          U.S. MAGISTRATE JUDGE